IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 16, 2004 Session

## RONALD C. TEACHOUT v. CONSECO SECURITIES, INC., a/k/a CONSECO FINANCIAL SERVICES, INC., CONSECO FINANCE SERVICING CORP., CONSECO BANK, INC., and LISA M. BYNUM

Appeal from the Circuit Court for Davidson County
No. 02C-3059     Thomas W. Brothers, Judge

No. M2003-00621-COA-R3-CV - Filed August 20, 2004

This is an arbitration case. The plaintiff borrower executed a note in favor of the defendant bank. The note included an arbitration clause, requiring all disputes between the "Borrower(s)" and "Note Holder" to be arbitrated. The term "Note Holder" is defined in the note as the "Lender or anyone who takes [the] Note by transfer and who is entitled to receive payments under [the] Note." The bank transferred the note and the borrower began making payments to a third party. The borrower then filed this lawsuit against the bank and others, alleging fraud in the inducement, negligent misrepresentation, promissory fraud, and violation of the Consumer Protection Act. The defendants filed a motion to stay the proceedings and to compel arbitration. The trial court denied the motion. We affirm, holding that under the note, the bank is no longer a "Note Holder" and therefore does not have standing to invoke the arbitration clause.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Thomas R. Dyer and Douglas A. Black, Memphis, Tennessee, for the appellants, Conseco Securities, Inc., Conseco Bank, Inc., and Lisa M. Bynum.

Charles Patrick Flynn and Michael K. Radford, Brentwood, Tennessee, for the appellee, Ronald C. Teachout.

## OPINION

Plaintiff/Appellee Ronald C. Teachout ("Teachout") executed an adjustable rate note ("the Note") with Defendant/Appellant Conseco Bank, Inc. ("Conseco Bank"), on April 25, 2002. The face of the Note indicates that Conseco Bank is located in Utah and that payments are to be made to an Arizona address. The Note also contains an arbitration clause:

All disputes, claims, or controversies arising from or relating to the extension of credit evidenced by this Note or the relationships which result therefrom, or the validity of this arbitration agreement or the entire Agreement, shall be resolved by binding arbitration . . . . The parties agree and understand that they choose arbitration instead of litigation to resolve disputes.

Thus, the arbitration clause requires the arbitration of disputes between the "parties."[1] The arbitration clause defines "parties" as the "Note Holder and undersigned Borrower(s) collectively." A separate provision of the Note defines "Note Holder" as "[t]he Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note." The Note states that the "Lender" is Conseco Bank.

Teachout later received a "Notice of Assignment, Sale or Transfer of Servicing Rights," dated June 3, 2002. The notice informed him that the right to collect his payments was being transferred to a third party.[2]

On October 25, 2002, Teachout filed a lawsuit against Conseco Bank, as well as Defendants/Appellants Conseco Securities, Inc. ("Conseco Securities") and Lisa M. Bynum, ("Bynum"), an agent of Conseco Bank, referred to collectively as "Conseco."[3] Teachout alleged fraud, negligent misrepresentation, promissory fraud, and violation of the Consumer Protection Act, and contended that he was fraudulently induced into executing the Note.

---

[1]The arbitration provision does, however, reserve the Note Holder's right to pursue court action against Teachout in the event of default:

> Notwithstanding anything hereunto the contrary, Note Holder retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a money judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this arbitration agreement, including the filing of a counterclaim in a suit brought by Note Holder pursuant to this provision.

Thus, the Note Holder retained the right to use the judicial system should Teachout default on the Note, but leaves Teachout obliged to use the arbitration process, and even prevents him from filing a counterclaim in court if a lawsuit is filed against him by the Note Holder. Such grossly one-sided terms led, not surprisingly, to Teachout's later assertion that the arbitration provision was an adhesion contract.

[2]The notice indicates that the right to collect payment had been transferred, but does not specify that the Note itself was transferred. It is undisputed, however, that Conseco Bank no longer holds the Note.

[3]A third entity, Conseco Finance Servicing Corp., was also named as a defendant. Teachout took a voluntary nonsuit as to this party on February 3, 2003.

Citing the Note's arbitration clause, Conseco filed a motion to stay the proceedings and to compel arbitration under the Federal Arbitration Act and the Tennessee Uniform Arbitration Act. In response, Teachout argued that Conseco did not have standing to invoke the arbitration clause, that Conseco had not shown the Note to be subject to the Federal Arbitration Act, and, finally, that the arbitration clause was an unenforceable adhesion contract. The trial court denied Conseco's motion to compel arbitration. Because the Note had been transferred to a third party who was not a defendant in the lawsuit, the trial court found "that none of the Defendants is the 'Note Holder' who is entitled to invoke the arbitration provisions of the note under the express language of that document [and] that as a result, Defendants do not have standing to assert arbitration . . . ." The trial court did not rule on the remaining the issues. From that order, Conseco now appeals.[4]

This appeals centers on contract interpretation, which is a matter of law, reviewed on appeal *de novo* with no presumption of correctness. *Rainey v. Stansell*, 836 S.W.2d 117, 118 (Tenn. Ct. App. 1992). In interpreting a contract, we must " 'ascertain the intention of the parties and . . . give effect to that intention, consistent with legal principles.' " *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999) (quoting *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975)). This intent may be ascertained " 'by a fair construction of the terms and provisions of the contract, by the subject matter to which it has reference, by the circumstances of the particular transaction giving rise to the question, and by the construction placed on the agreement by the parties in carrying out its terms.' " *Id.* (quoting *Penske Truck Leasing Co. v. Huddleston*, 795 S.W.2d 669, 671 (Tenn. 1990)). The contract must be " 'viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illuminate another.' " *Id.* (quoting *Cocke County Bd. of Highway Comm'rs v. Newport Utils. Bd.*, 690 S.W.2d 231, 237 (Tenn. 1985)). Any ambiguities are construed against the drafter of the contract. *Vantage Tech. LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing *Spiegel v. Thomas, Mann & Smith, P.C.*, 811 S.W.2d 528, 531 (Tenn. 1991)).

The Federal Arbitration Act ("FAA") provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Thus, in a contract which affects interstate commerce, the arbitration provision is enforceable pursuant to the FAA. *Frizzell*, 9 S.W.3d at 83-84 (quoting *Perry v. Thomas*, 482 U.S. 483, 490 (1987)). Where the FAA is applicable, Tennessee's Uniform Arbitration Act, Tennessee

---

[4]Although the order from which Conseco appeals is not a final order on the merits, a party may appeal an order denying a motion to compel arbitration pursuant to Tennessee Code Annotated § 29-5-319(1) (2000). *See Benton v. Vanderbilt Univ.*, 137 S.W.3d 614, 617 n. 4 (Tenn. 2004).

Code Annotated §§ 29-5-301, *et seq.* (2000), is preempted. ***Pyburn v. Bill Heard Chevrolet***, 63 S.W.3d 351, 357 (Tenn. Ct. App. 2001). It is well settled that federal policy requires that an arbitration agreement be given broad construction; any doubts regarding the applicability of the arbitration clause should be resolved in favor of arbitration. ***Id.***; ***Wachtel v. Shoney's, Inc.***, 830 S.W.2d 905, 908 (Tenn. Ct. App. 1991). This policy is applicable, not only to determining the scope of the issues subject to arbitration, but also to determining "whether the parties agreed to arbitrate [a particular] dispute." ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.***, 473 U.S. 614, 626 (1985); ***see also Frizzell***, 9 S.W.3d at 84-85.

On appeal, Conseco argues that trial court erred in holding that it had no standing to enforce the arbitration clause. Conseco argues that the parties freely entered into the agreement, including the arbitration provision. In addition, Conseco relies on the federal policy favoring arbitration, as well as the broad language of the arbitration clause, and maintains that, under all of those circumstances, common sense necessitates the conclusion that Conseco and Teachout agreed to arbitrate their disputes. The trial court did not address Teachout's assertions that the Note is not governed by the FAA, and that the arbitration provision is so patently unfair and one-sided that it constitutes an adhesion contract. Both parties address these issues in this appeal. On its face, the Note indicates that the underlying loan involves interstate commerce, since the property financed sits in Tennessee, Conseco Bank is located in Utah, and Teachout agreed to send his payments to Arizona. Thus, the FAA is clearly applicable to the arbitration clause contained in the Note. ***Frizzell***, 9 S.W.3d at 83-84 (quoting ***Perry v. Thomas***, 482 U.S. 483, 490 (1987)) ("[T]he FAA 'embodies Congress'[s] intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause.' "). Thus, as noted above, doubts regarding the applicability of the arbitration clause should be resolved in favor of arbitration. ***Pyburn***, 63 S.W.3d at 357; ***Wachtel***, 830 S.W.2d at 908. At the same time, however, we must give the terms of the contract their natural and ordinary meaning, and we are obliged to construe ambiguities against the drafter of the contract, here, Conseco. ***Vantage Technology***, 17 S.W.3d at 650.

The trial court held that Conseco did not have standing to enforce the arbitration clause. The trial court reasoned that the arbitration clause was applicable to the "parties" to the Note, namely Teachout and the "Note Holder," and Conseco was no longer the "Note Holder" because the Note had been transferred to a third party.

As indicated above, the Note defines "Note Holder" as "[t]he Lender <u>or</u> anyone else who takes this Note by transfer and who is entitled to receive payments under this Note." (emphasis added.) It is undisputed that Conseco is the "Lender" under the terms of the Note. The issue, then, becomes whether the definition of "Note Holder" includes both the Lender *and* a party to whom the Note is transferred, despite the use of the disjunctive "or" in the definition. Conseco points out that the Lender, Conseco, may transfer the Note to a third party, and that the transaction that is the subject of the Note, a mortgage loan, is a type of loan that is routinely sold to third party investors. Under

these circumstances, Conseco argues with some force that common sense dictates that Conseco intended to retain its right to arbitrate disputes with Teachout.[5]

No doubt that is what Conseco would have wanted, given the fact that it clearly contemplated transferring the Note. Unfortunately, that is not what Conseco *said* when it drafted the Note. The definition of "Note Holder" is clearly disjunctive, applying only to "[t]he Lender *or* anyone else who takes this note by transfer and who is entitled to receive payments under this Note." (Emphasis added.) The use of the disjunctive indicates that only one entity at a time could be considered the Note Holder, and the arbitration clause is applicable only to Teachout and the "Note Holder." Conseco asks us to read language into the definition of "Note Holder" that simply is not there. Under these circumstances, we must affirm the trial court's holding that Conseco is no longer the "Note Holder," and therefore has no standing to enforce the arbitration provision of the Note. Consequently, the trial court's denial of Conseco's motion to stay the proceedings and compel arbitration must be affirmed, and the cause remanded for further proceedings. This holding pretermits all other issues raised on appeal
.

The decision of the trial court is affirmed, and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs of this appeal are taxed against Defendants/Appellants Conseco Bank, Inc., Conseco Securities, Inc., and Lisa M. Bynum, and their sureties, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[5]Although, of course, under the terms of the Note, Conseco could choose to assert any claims it had against Teachout in a court, and Teachout could not compel arbitration of Conseco's claims.